

**U.S. Department of Justice**

Environment and Natural Resources Division

---

**Environmental Defense Section**  **Telephone (202) 353-7466**
**P.O. Box 7611**  **Facsimile (202) 514-8865**
**Washington, DC 20044**

December 18, 2023

**Via CM/ECF**

Office of the Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 1910-1790

Re:   *The Chemours Co. FC, LLC v. U.S. Environmental Protection Agency*, Case No. 22-2287

Dear Ms. Dodszuweit:

This letter responds to the Court's December 7, 2023, Order directing the parties to address whether this case should be held c.a.v. pending the Supreme Court's opinions in *SEC v. Jarkesy*, No. 22-859 (argued Nov. 9, 2023), *Relentless v. Dep't of Commerce*, No. 22-1219 (to be argued Jan. 17, 2024), and *Loper Bright Enterprises v. Raimondo*, No. 22-451 (to be argued Jan. 17, 2024). In Respondents' view, this matter should not be held to await the decisions in any of those cases.

*First*, as Respondents have argued, this petition should be dismissed on jurisdictional grounds that are not at issue in *Jarkesy*, *Relentless*, or *Loper Bright*. *See* ECF 15; ECF 29; ECF 59-1 at 15-33.

*Second*, there is no reason to hold this case for *Jarkesy*. To be sure, Chemours has cited the Fifth Circuit's decision in *Jarkesy* for its holding that the statute authorizing the Securities and Exchange Commission to pursue certain enforcement claims through either administrative adjudication or civil litigation violated the nondelegation doctrine because it lacked an

1

"intelligible principle" governing the agency's choice.  *See* ECF 61 at 63-64.  But the United States' arguments for sustaining the agency's authority in *Jarkesy* do not require the Court to apply or reconsider the intelligible-principle test.  The United States argues that the relevant statutory provisions do not delegate legislative power to the agency, and that "[b]ecause an agency's choice among legally available enforcement options is presumptively unconstrained and unreviewable, Congress had no constitutional duty to provide intelligible principles to guide the [agency's] exercise of enforcement discretion [t]here."  Pet'r's Br. 38, *SEC v. Jarkesy*, No. 22-859 (S. Ct. Aug. 28, 2023).  The parties here dispute whether a Safe Drinking Water Act provision, 42 U.S.C. § 300g-1(b)(1)(F), delegates legislative power, but it is highly unlikely that the Supreme Court's decision in *Jarkesy* will bear on that question because the text and purpose of that provision differ dramatically from those of the statute in *Jarkesy*..

*Third*, there is no reason to hold this case for *Loper Bright* or *Relentless*.  Both cases present the sole question whether the Supreme Court should overturn its precedent regarding the deference owed agencies' *interpretations of statutes* when agencies speak with the force of law, such as through rulemaking or adjudications, as set forth in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984).  Respondents and Intervenors have cited to the substantial caselaw holding that an agency's *factfinding* receives deference under the Administrative Procedure Act standard of review applicable to this petition, and that such deference is at its apex when it relates to scientific and technical matters within an agency's expertise, *see* ECF 59 at 39, 42, 47; ECF 60 at 45, 51.  But no party here has asserted *Chevron* deference applies to any issue in this case, or even cited *Chevron* or its progeny.  *See generally* ECF 59-62.

*Fourth*, if the Supreme Court's opinions in *Jarkesy*, *Relentless*, and/or *Loper Bright* were to unexpectedly address any administrative-law or other doctrine germane to the disposition of this petition, this Court's usual practices for consideration of supplemental authorities should be adequate to the task. *See* Fed. R. App. P. 28(j); *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 264 (3d Cir. 2008). There is no good cause at this juncture for continuing oral argument in this case or withholding disposition pending the opinions in any of these three Supreme Court cases.

Respectfully submitted,

Dated: December 18, 2023

TODD KIM
　*Assistant Attorney General*

　/s/ Andrew D. Knudsen
KIMERE J. KIMBALL
ANDREW D. KNUDSEN
　U.S. Department of Justice
　Env't & Natural Resources Div.
　P.O. Box 7611
　Washington, DC 20044
　(202) 514-2285 (Kimball)
　(202) 353-7466 (Knudsen)
　Kimere.Kimball@usdoj.gov
　Andrew.Knudsen@usdoj.gov
　*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I certify that on December 18, 2023, I electronically filed the foregoing with the Court's CM/ECF system, which will serve each party.

/s/ *Andrew D. Knudsen*
Andrew D. Knudsen
