December 18, 2023

**By Electronic Case Filing**

Clerk's Office of the U.S. Court of Appeals
for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   *The Chemours Co., FC, LLC v. EPA*, No. 22-2287, Respondent-Intervenors' Submission re December 7, 2023 Order re whether this case should be held c.a.v. pending the Supreme Court's opinions in *SEC v. Jarkesy*, No. 22-859, *Relentless v. Department of Commerce*, No. 22-1219, and *Loper Bright Enterprises v. Raimondo*, No. 22-451

Dear Clerk of the Court:

This case need not be held c.a.v. pending the Supreme Court's opinions in any of the three cases listed in this Court's December 7, 2023 Order. The document Petitioner Chemours challenges in this case is a U.S. Environmental Protection Agency (EPA) Health Advisory issued under the Safe Drinking Water Act. This Advisory, as its name suggests, is merely advisory, a publication that shares EPA's health findings about specific drinking water contaminants. *See* Intervenor Br. 4-5, ECF No. 60. The Advisory does not set any regulatory limits or impose any legal obligations. Because the Health Advisory has no direct legal effects, this case should be dismissed on the threshold jurisdictional ground that the Health Advisory is not a reviewable final agency action. Resp'ts' Br. 16-29, ECF No. 59-1.

1

In any event, putting the finality issue aside, neither *Relentless v. Department of Commerce*, No. 22-1219, nor *Loper Bright Enterprises v. Raimondo*, No. 22-451, has any bearing on this case. The questions presented in those two Supreme Court cases concern deference to agencies' interpretations of ambiguous statutes under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). No party here cited *Chevron* or relied on its holding concerning deference to agency statutory interpretations. Because EPA did not invoke *Chevron* deference in its defense of the Health Advisory, this Court need not address *Chevron* deference either. *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, 141 S. Ct. 2172, 2180 (2021) ("declin[ing] to consider whether any deference might be due" because the government did not invoke *Chevron* deference).

While both EPA and Intervenors argue that the Court should defer to the agency's scientific determinations (if it does not dismiss on finality grounds), *see* Resp'ts' Br. 47; Intervenor Br. 13, this type of deference is independent from the deference to an agency's statutory interpretation at issue in *Relentless* and *Loper Bright*. Deference to scientific determinations concerns a separate inquiry into whether agency action is "arbitrary or capricious" because the agency failed to "examine[] the relevant data" or articulate "a rational connection" between the facts and its conclusion. *GenOn REMA, LLC v. U.S. EPA*, 722 F.3d 513, 525

(3d Cir. 2013) (internal quotation marks omitted). On that question, this Court defers to an expert agency's judgment on scientific determinations. *Id*.

The Court need not hold this case for *Securities and Exchange Commission v. Jarkesy*, No. 22-859, either. To be sure, Chemours cited the Fifth Circuit opinion in *Jarkesy* to support its argument that the statute at issue here violates the nondelegation doctrine by purportedly delegating legislative authority to EPA without an "intelligible principle" guiding EPA's issuance of health advisories. Pet'r Br. 65-66, ECF No. 61. But Chemours's argument fails at the outset because EPA's issuance of health advisories is an exercise of executive branch factfinding, not legislative authority—and thus does not implicate the nondelegation doctrine or require an intelligible principle from Congress. *See United States v. Bruce*, 950 F.3d 173, 175-76 (3d Cir. 2020); Intervenor Br. 55-56. Nonetheless, Intervenors do not oppose holding this case pending the decision in *Jarkesy*, where the Supreme Court may reach a similar conclusion about the delegation at issue. *See* Pet'r Br. 34-44, *SEC v. Jarkesy*, No. 22-859 (Aug. 28, 2023) (arguing that the SEC exercises executive power, not delegated legislative power, when deciding whether to bring enforcement proceedings), https://www.supremecourt.gov/DocketPDF/22/22-859/278330/20230828183013049_22-859tsUnitedStates.pdf.

Respectfully,

*s/ Robert M. Sussman*

Robert M. Sussman
DC Bar No. 226746
Sussman & Associates
3101 Garfield Street, NW
Washington DC, 20008
Telephone: 202-716-0118
bobsussman1@comcast.net

*Counsel for Respondent-Intervenors Cape Fear River Watch, Center for Environmental Health, Clean Cape Fear, Democracy Green, North Carolina Black Alliance, Toxic Free North Carolina, Dr. Kyle Horton, Lacey Brown, Harper Peterson, Michael Watters and Debra Stewart*

*s/ Sarah C. Tallman*[1]
Sarah C. Tallman
DC Bar No. 90007435
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Telephone: 312-651-7918
stallman@nrdc.org

Simi Bhat
CA Bar No. 289143
Natural Resources Defense Council
111 Sutter Street, 21st floor
San Francisco, CA 94104
Telephone: 415-875-6110
sbhat@nrdc.org

*Counsel for Respondent-Intervenor Natural Resources Defense Council*

---

[1] NRDC counsel represents that all counsel listed in the signature block consent to this filing.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing letter was filed electronically through the court's docketing system. All parties to this case are Filing Users and are served electronically by the Notice of Docket Activity.

Dated: December 18, 2023  /s/ *Sarah C. Tallman*
Sarah C. Tallman
DC Bar No. 90007435
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Telephone: 312-651-7918
stallman@nrdc.org